## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANTOINE EMMANUEL,**
**A# 061-424-872,**

      **Petitioner,**

**vs.**                                                   **Case No. 4:20cv53-TKW-CAS**

**WILLIAM BARR, et al.,**

      **Respondents.**

_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Petitioner initiated this case on January 30, 2020, by submitting an "emergency motion to vacate." ECF No. 1. The motion was construed as a habeas petition submitted pursuant to 28 U.S.C. § 2241 because Petitioner claimed he entered a plea without being advised by counsel of the immigration consequences. ECF No. 1. Notably, Petitioner is detained by immigration officials at the Krome facility in Miami, Florida and said he was "facing imminent deportation proceedings." _Id._ at 2.

There were three problems with this case. First, Petitioner did not file a motion requesting leave to proceed in forma pauperis nor did he pay the

filing fee.  An Order was entered on February 4, 2020, requiring Petitioner to do one or the other if he wanted to proceed with this case.  ECF No. 4.

Second, Petitioner's case initiating petition was not signed and did not include his immigration number.  Because Rule 2(c)(5) of the Rules governing habeas cases requires a Petitioner to sign the petition, Petitioner was required to file an amended petition.

Third, the Order, ECF No. 4, advised Petitioner that it did not appear that this case could proceed in this Court because he was detained at Krome which not within the territorial jurisdiction of this Court.  It was unknown, however, whether Petitioner was attempting to challenge a conviction which may have occurred within the Northern District of Florida because Petitioner did not identify the Court in which he was convicted, nor did he state when he entered a guilty plea.

Petitioner has now made efforts to remedy those deficiencies and provided clarification.  Petitioner filed a motion for leave to proceed in forma pauperis, ECF No. 7, and a "fee waiver request," ECF No. 8.  Good cause having been shown, Petitioner's motion is granted and the case may proceed without payment of the filing fee.

The amended petition was filed, ECF No. 6, but does not contain the last page of the form.  Thus, it is again without Petitioner's signature as

required by Rule 2(c)(5).  Nevertheless, that document clarifies that charges were brought against Petitioner in Sarasota, Florida.  ECF No. 6 at 3.  Petitioner indicates that the charges which caused his detention "have been vacated" and he should no longer be detained.  He seeks release from Krome.  *Id.* at 4.

The relevant statute provides that a § 2241 habeas petition "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application."  28 U.S.C. § 2241(d).  Because neither provision applies, this case was not initiated in the proper district.  The statute, however, permits a district court to use its "discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."  28 U.S.C. § 2241(d).  This case should be transferred to the Southern District of Florida for all further proceedings as Petitioner is located in Miami, Florida.

Accordingly, it is

**ORDERED**:

1.  Petitioner's motion requesting in forma pauperis status, ECF No. 7, is **GRANTED**.

2.  Petitioner's request to waive the fee, ECF No. 9, is **GRANTED**

and Petitioner may proceed without paying the filing fee for this § 2241

habeas petition.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **TRANSFERRED**

to the United States District Court, Southern District of Florida, Miami

Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 26, 2020.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**